Ekwan E. Rhow - State Bar No. 174604
　eer@birdmarella.com
David I. Hurwitz - State Bar No. 174632
　dih@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT,
　NESSIM, DROOKS & LINCENBERG, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Samsung Telecommunications America, LLC, a Delaware limited liability company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| AMIRA ANDERSON, individually and on behalf of all similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | **CASE NO. SA 13-CV-1028-CJC (JPRx)**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Assigned to:<br>　Hon. Cormac J. Carney<br><br>Discovery Assigned to:<br>　Hon. Jean P. Rosenbluth |

2960992.1

STIPULATED PROTECTIVE ORDER

1  IT IS HEREBY STIPULATED AND AGREED, by and between counsel for
2 plaintiff Amira Anderson, on the one hand, and counsel for defendant Samsung
3 Telecommunications America, LLC, on the other hand, that:

## GOOD CAUSE STATEMENT

5  This action concerns breach of warranty claims regarding the Samsung
6 Galaxy S cellular phone devices.  The parties assert that documents and things that
7 will be requested in discovery concerning confidential personal information as well
8 as the sales, marketing and technical capabilities of such items and related licensing
9 programs may reveal highly sensitive and confidential information that is purposely
10 protected from disclosure to the public and that, if disclosed, would damage the
11 parties.  The party producing such information (the "Producing Party") would suffer
12 serious competitive harm if the information identified above or other competitively
13 sensitive information was made available to its customers, competitors, or to the
14 public.  The Producing Party's interest in restricting the disclosure and use of the
15 confidential information described above outweighs the interest of the public in
16 having access to such information.  Therefore, good cause exists for the entry of this
17 Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to
18 protect against improper disclosure or use of confidential information produced or
19 disclosed in this case.

## PROTECTIVE ORDER

21  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties
22 hereby stipulate and agree to abide by this Protective Order.

## I

## INFORMATION SUBJECT TO THIS ORDER

25  1.  This Protective Order shall apply to all information, documents,
26 testimony, or other things subject to discovery in this action that contains
27 confidential personal information as well as proprietary, confidential, trade secret, or
28 commercially sensitive information, as well as any copies, excerpts, summaries,

derivations or compilations of any of the foregoing contained in any pleadings, reports, discovery responses, correspondence, documents or things (collectively, "Discovery Material")—namely, any information, documents, testimony, or other things designated "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" under this Protective Order.  As used herein, "Producing Party" shall refer to any party, including the parties to this action and non-parties, who disclose and/or produce any Discovery Material in this action.  "Receiving Party" shall refer to the parties to this action who receive Discovery Material from a Producing Party.

2. Any party or non-party from whom discovery is sought in this action, and who is producing or disclosing Discovery Material, may designate it as set forth herein as:  (a) CONFIDENTIAL, or (b)  ATTORNEYS' EYES ONLY subject to this Protective Order if it contains confidential, proprietary, and/or trade secret information or other confidential research, development, or commercial information.

3. In the absence of written permission from the Producing Party, Discovery Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY:

(a) shall be protected from disclosure as specified herein, unless (i) the Producing Party states otherwise in writing, or (ii) a party obtains an order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation; and

(b) shall be used only for purposes of this litigation, and not for any other purpose whatsoever, including but not limited to any business, competitive, or governmental purpose or function or for any other litigation unless stipulated in writing by the parties, required by law, or by order of the Court.

4. The Producing Party may designate documents or other tangible Discovery Materials by placing the following legend or similar legend on the document or thing:  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Only those portions of written materials and deposition testimony that are confidential or

1 attorneys' eyes only confidential should be so designated.  Notwithstanding anything
2 to the contrary in this Protective Order, when the Producing Party is a non-party,
3 any party to this action may designate (as appropriate under the provisions of this
4 Protective Order) any and all Discovery Materials produced by the non-party by
5 sending a letter to all parties and the producing non-party notifying them of the
6 party's designations.

7      (a) Written discovery may be designated by placing a legend on
8 every confidential page of the written material prior to production stating one of the
9 following:  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

10      (b) Parties or testifying persons may designate depositions as
11 CONFIDENTIAL or ATTORNEYS' EYES ONLY by indicating on the record at
12 the time the testimony is given or by sending written notice that the testimony is
13 designated within thirty (30) days of receipt of the hard copy transcript of the
14 testimony.  All information disclosed during a deposition shall be deemed
15 ATTORNEYS' EYES ONLY until the time within which it may be designated as
16 CONFIDENTIAL or ATTORNEYS' EYES ONLY has passed.

17    5. A Producing Party may designate Discovery Material as
18 CONFIDENTIAL if it comprises, includes or reflects non-public, confidential,
19 proprietary, and/or commercially sensitive information.  Examples of
20 CONFIDENTIAL material include but shall not be limited to:  (i) non-public
21 technical information; (ii) customer lists; (iii) non-public business and/or marketing
22 plans (iv) non-public financial and/or accounting information; or (v) other similar
23 material that is considered confidential and not publicly available.  Discovery
24 Material designated as CONFIDENTIAL may be disclosed only to the following:

25      (a) Outside litigation counsel of record and supporting personnel
26 employed in the law firm(s) of outside litigation counsel of record, such as
27 attorneys, paralegals, clerks, secretaries, and clerical personnel;

28      (b) Internal counsel, and paralegal or support personnel working

1  with those counsel, associated with a party who either have responsibility for
2  making decisions dealing directly with the litigation of this action or who are
3  assisting outside counsel in preparation for proceedings in this action;

4      (c)    Officers, directors or employees of a party, and paralegal or
5  support personnel working with those officers, directors or employees, who either
6  have responsibility for making decisions dealing directly with the litigation of this
7  action or who are assisting outside counsel in preparation for proceedings in this
8  action;

9      (d)    The Court, its personnel and stenographic reporters;

10     (e)    Independent legal translators retained to translate in connection
11 with this action, provided they agree to maintain the confidentiality of any Protected
12 Information; independent court reporters and videographers retained to record and
13 transcribe testimony given in connection with this action; independent copying,
14 scanning, technical support and electronic document processing services retained by
15 counsel in connection with this action; graphics, translation, or design services
16 retained by counsel for purposes of preparing demonstrative or other exhibits for
17 deposition, trial or otherwise in connection with this action, provided they agree to
18 maintain the confidentiality of any Protected Information; and non-technical jury or
19 trial consulting services retained by counsel in connection with this action, and
20 mock jurors, provided they agree to maintain the confidentiality of any Protected
21 Information; and

22     (f)    Experts or consultants of the parties (and their secretarial and
23 clerical personnel) retained to assist counsel in this case who have signed the form
24 attached hereto as Exhibit A.  The Receiving Party's counsel shall ask such expert(s)
25 or consultant(s),  prior to retaining him/her, whether the potential expert is currently
26 retained or employed by Producing Party or whether such expert has ever been
27 retained or employed by Producing Party.   If the potential expert is currently
28 retained or has been retained in the past as an expert, consultant or contractor or

formerly employed in any capacity by Producing Party, Plaintiff's counsel shall comply with paragraph 7(b)(ii) of this Protective Order.

  6.  A Producing Party may designate Discovery Materials at the time of disclosure as ATTORNEYS' EYES ONLY if, notwithstanding any overlap with the materials identified in Paragraph 5, the Producing Party in good faith believes the materials to be extremely confidential and/or sensitive in nature and reasonably believes that their disclosure is likely to cause economic harm to the Producing Party. The Parties agree that the ATTORNEYS' EYES ONLY designation includes but shall not be limited to the following categories of information: (i) non-public damages-related and financial information, including confidential pricing, profit, sales, or other financial information; (ii) confidential business, marketing, or strategic plans, including business, marketing, and technical information regarding future products; or (iii) highly confidential and commercially sensitive trade secrets or technical information. Discovery Material designated as ATTORNEYS' EYES ONLY may be disclosed only to the following:

    (a)  Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, clerks, secretaries, and clerical personnel;

    (b)  The Court, its personnel and stenographic reporters;

    (c)  Independent legal translators retained to translate in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; independent court reporters and videographers retained to record and transcribe testimony given in connection with this action; independent copying, scanning, technical support and electronic document processing services retained by counsel in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial or otherwise in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; and non-technical jury or

trial consulting services retained by counsel in connection with this action, and mock jurors, provided they agree to maintain the confidentiality of any Protected Information; and

    (d)    Experts or consultants of the parties (and their secretarial and clerical personnel) retained to assist counsel in this case who have signed the form attached hereto as Exhibit A.

## II

## LIMITATIONS ON THE USE OF PROTECTED DISCOVERY MATERIAL

    7.    With the exception of Court personnel, all persons who have agreed to be bound by this Protective Order and who receive CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material are prohibited from disclosing it to any other person, except in conformance with this Protective Order and hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

    (a)    Counsel who makes CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material available to persons set forth in Paragraphs 5, 6 and/or 7 above, shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order. All copies of such Discovery Material disclosed shall be subject to the same restrictions imposed herein on original materials. Any person having access to such Discovery Material whose participation in this litigation has been terminated or otherwise concluded shall return or destroy all such Discovery Material as soon as practicably possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

    (b)    Before disclosure of any Discovery Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to a person described in Paragraphs 5(f) and/or 6(d) above of this Protective Order, counsel for the

Receiving Party shall take the following steps:

   i. provide a copy of this Protective Order to such person, who shall sign the acknowledgement form annexed hereto as Exhibit A; and

   ii. notify all counsel of record in writing, at least ten (10) business days before any such disclosure, of the intent to disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material to such person, if such person is currently retained or has been retained or employed by Producing Party at any time in the past as an employee, independent contractor, consultant, consulting expert or testifying expert, and provide a copy of the acknowledgement form signed by the person;

   iii. in the event any party objects to the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material to such person, notify counsel for the Receiving Party in writing of the party's objection(s) to such disclosure prior to the date on which the disclosure is intended to be made. Should the party intending to make the disclosure disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally.  If the informal efforts do not resolve the dispute within five (5) business days, the party objecting to the disclosure may file a motion for a protective order in compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.  Pending a ruling by the Court upon such motion, the Discovery Material shall not be disclosed to the person objected to by the objecting party.  If no motion for protective order is filed, the Receiving Party may make the disclosure. If no motion for protective order is filed, the receiving party may make the disclosure.

  (c) Counsel disclosing any Discovery Materials to a person required to execute a copy of the acknowledgement form annexed as Exhibit A shall maintain the original(s) of such form(s).

  8. To the extent that any CONFIDENTIAL or ATTORNEYS' EYES

ONLY Discovery Material is used in any deposition, all such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the such Discovery Material.

9.  A party that seeks confidential Discovery Material from a third party shall provide a copy of this Protective Order to the third party upon request so that it may take advantage of the protections afforded by this Protective Order.

10. The recipients of CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material provided under this Protective Order, and all material that derives therefrom shall maintain such materials in a safe and secure area, and all reasonable precautions shall be taken with respect to the storage, custody, use and/or dissemination of such materials. Any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material that is copied, reproduced, summarized, or abstracted shall be subject to the terms of this Protective Order.

11. CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation, pursuant to the provisions of this Protective Order and the procedures and restrictions set forth in Local Rule 79-5 for filing materials under seal.

12. None of the provisions of this Protective Order shall apply to Discovery Material, regardless of its designation, that falls into any of the following categories of information, documents, and/or things:

    (a)  available to the public at the time of its production hereunder;

    (b)  available to the public after the time of its production through no unauthorized act, failure to act, or violation of this Order by the Receiving Party, its counsel, representatives or experts;

    (c)  known to the Receiving Party or shown to have been independently developed by the Receiving Party prior to its production herein through no improper means or without use or benefit of the information;

        (d)    obtained outside of this action by the Receiving Party from the Producing Party without having been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

        (e)    obtained by the Receiving Party after the time of disclosure hereunder from a non-party having the right to disclose the same; or

        (f)    previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

13. Upon giving written notice, any party may apply to the Court to remove the restrictions set forth herein on Discovery Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY. If the Receiving Party makes an application under this section, it shall be the burden of the Producing Party to justify that the designation was warranted.

## III

## NO WAIVER OF PRIVILEGE

14. Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing within 30 days of discovery of the inadvertent production.  If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the producing party, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database.

    No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given

1  access to them prior to the request to return or destroy them.  The provisions of the
2  Protective Order do not apply to the use of documents at trial or other hearings.
3       The party receiving such Inadvertently Produced Documents may, after
4  receipt of the producing party's notice of inadvertent production, move the Court to
5  dispute the claim of privilege or immunity, but the motion shall not assert as a
6  ground therefore the fact or circumstances of the inadvertent production.

## IV

## MISCELLANEOUS PROVISIONS

9      15.   The inadvertent failure by a Producing Party to designate Discovery
10 Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not waive any
11 such designation provided that the Producing Party notifies all Receiving Parties
12 that such Discovery Material is CONFIDENTIAL or ATTORNEYS' EYES ONLY
13 within fifteen (15) days from when the failure to designate first becomes known to
14 the Producing Party.  A Receiving Party shall not be in breach of this Order for any
15 use of such Discovery Material before the Receiving Party receives notice of the
16 inadvertent failure to designate.  Once a Receiving Party has received notice of the
17 inadvertent failure to designate pursuant to this provision, the Receiving Party shall
18 treat such Discovery Material at the appropriately designated level pursuant to the
19 terms of this Protective Order.  If, before the Producing Party notifies a Receiving
20 Party of such designation of already-produced Discovery Material, the Receiving
21 Party discloses such Discovery Material in a manner or to any person or entity,
22 inconsistent with the subsequent designation, that Receiving Party shall notify the
23 Producing Party within ten (10) days of receiving such notice.
24     16.   In the event of a disclosure of any Discovery Material designated
25 pursuant to this Protective Order as CONFIDENTIAL or ATTORNEYS' EYES
26 ONLY to a person or persons not authorized to receive such disclosure under this
27 Protective Order, the party responsible for having made such disclosure (Disclosing
28 Party), and each party with knowledge thereof, shall immediately notify counsel for

the party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material.

17. Not later than ninety (90) days after the final disposition of this litigation, (including after appeals, if any), each party shall return all CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material of a Producing Party to the respective outside counsel of the Producing Party, or in alternative, destroy such Discovery Material. The Receiving Party shall certify in writing that all such CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material has been returned or destroyed. Notwithstanding the provisions for return or destruction of Discovery Material, outside counsel may retain pleadings, expert reports, depositions, deposition exhibits, trial exhibits, motions and attachments to motions, and attorney and consultant work product for archival purposes.

18. Any Discovery Material produced prior to entry of this Protective Order shall be retroactively designated by notice in writing of the designated class of each Discovery Material by Bates number within sixty (60) days of entry of this Order. Furthermore, a Receiving Party may at any time request that the Producing Party cancel or modify the designation with respect to any Discovery Material. A party shall not be obligated to challenge the propriety of any designation of Discovery Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall identify particularly the documents or information that the Receiving Party contends should be differently designated and the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

  (a) The objecting party shall have the burden of conferring in

conformance with Local Rule 37-1 with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall have the burden of justifying the disputed designation.

(b) Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation in compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.

(c) Notwithstanding any challenge to a designation, the Discovery Material in question designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall continue to be treated as such under this Protective Order until one of the following occurs: (i) the party who designated the Discovery Material in question as CONFIDENTIAL or ATTORNEYS' EYES ONLY withdraws such designation in writing; or (ii) the Court rules that the Discovery Material in question is not entitled to the designation.

19. If Discovery Material sought by a Receiving Party is subject to a confidentiality obligation of the Producing Party to a third party, and such obligation is not satisfied by the terms of this Protective Order, the Producing Party shall promptly: (i) alert the Receiving Party of this fact; (ii) produce a copy or copies of the relevant portion of the written agreement, order or other document in which the confidentiality obligation is set forth; and (iii) request permission from such third party to produce the requested Discovery Material and provide a copy of this Protective Order to the third party. If the third party does not consent to production of the requested Discovery Material and/or if the parties are unable to resolve a dispute related to documents withheld under this paragraph, the Receiving Party may make a motion to the Court under Local Rules 37-1 and 37-2 for an order compelling production of the requested Discovery Material. A Producing Party is not required to produce such Discovery Material unless and until the third party provides consent or the Court issues an order compelling production of the

requested Discovery Material. The payment of expenses incurred in connection with any such motion to compel shall be governed by F.R.C.P. 37(a)(5).

20. This Protective Order is entered without prejudice to the right of any party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way. Nothing in this Protective Order shall be deemed to bar any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter not be produced at all. No amendment or modification agreed to by the parties will have the force or effect of a Court order unless the Court approves the modification.

21. If, at any time, Discovery Material becomes subject to a subpoena by any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to object to the production of confidential materials. If a Producing Party does not move for a protective order within ten (10) business days of the date written notice is given or such shorter time as a court may order, the party to whom the referenced subpoena is directed may produce such Discovery Material in response thereto. Nothing in this Protective Order should be construed to excuse any party from obeying a lawfully issued subpoena or process.

22. Nothing in this Protective Order shall preclude any party to this lawsuit or any attorneys for any party to this lawsuit from (a) showing Discovery Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to any individual who either prepared the Discovery Material or reviewed it prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, its own Discovery Material, whether designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Notwithstanding any designation of Discovery Material by a Producing Party under this Order, any witness (including a party witness) may be

shown at a deposition and examined on any Discovery Material only if the party taking the deposition provides notice to the Producing Party, at least seven (7) business days in advance of any deposition, of any ATTORNEYS' EYES ONLY Discovery Material that party intends to show or examine the witness about. Producing Party may object to such disclosure within five (5) business days.  Should the Producing Party object to such disclosure, the parties must attempt to resolve the objection(s) under Local Rule 37-1.  If the efforts do not resolve the dispute within five (5) business days, the party objecting to the disclosure may file a motion for a protective order under Local Rule 37-2.  Pending a ruling by the Court upon any such objection(s), the Discovery Material shall not be disclosed to the person objected to by the objecting party.  If no motion for protective order is filed, the Receiving Party may make the disclosure. The Parties agree to designate as Confidential or Attorney's Eyes Only those pages of the deposition transcript that contain testimony of the witness regarding the Confidential or Attorney's Eyes Only Discovery Material that is shown to the witness.

23.     The parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.  The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

24.     This Protective Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control to the full extent the law allows.

25.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged, otherwise non-discoverable, or not admissible in evidence in this action or any other proceeding.

26. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

**IT IS SO ORDERED.**

Dated: September 03, 2013

Honorable Jean P. Rosenbluth
United States Magistrate Judge

# EXHIBIT "A"

## Agreement Concerning Material Covered by Protective Order

I, the undersigned, acknowledge that I have read and understand the terms of the Stipulated Protective Order (the "ORDER") entered in the action, *Amira Anderson v. Samsung Telecommunications America LLC*, Case No. 13-CV-1028 CJC (JPRx), United States District Court, Central District of California. I agree to comply with the terms of the ORDER. I further agree that I will not disclose documents or information designated "Confidential" or "Attorneys' Eyes Only" except as specifically permitted by the terms of the ORDER, and that I will use the documents or information solely for purposes of this litigation in accordance with the ORDER. I further agree that at the end of my engagement, I will destroy or return to counsel copies of all documents provided to me which have been designated "Confidential" or "Attorneys' Eyes Only."

Date: _____                    _____

_____
Printed Name